REGAN, Judge.
The plaintiff, Garland Golladay, filed this suit against the defendant, Allstate Insurance Company, endeavoring to recover the sum of $126.98 representing damages to his automobile, which he asserts were incurred as a result of the negligence of Mrs. Alida Tyrone, the defendant’s insured, in the course of operating her vehicle
The defendant denied the foregoing accusation of negligence, and in the alternative insisted that the plaintiff was guilty of contributory negligence.
From a judgment in favor of the plaintiff in the amount of $126.98, the defendant has prosecuted this appeal.
The record reveals that the accident occurred in the intersection of De Soto Street and North Broad Streets, in the City of New Orleans. De Soto Street does not cross North Broad at right angles; instead, these streets intersect obliquely at an angle of less than 90 degrees, formed by the left side of the west-bound lane of Broad and the right side of De Soto.
The plaintiff was driving his automobile generally in a westerly or inbound direction in North Broad Street, a wide avenue consisting of two thirty foot roadways divided by a fifteen foot neutral ground. Each roadway has painted therein a single white stripe, dividing it into two traffic lanes. In addition thereto, there is a parking lane on the right side of each roadway.
The defendant’s insured was driving in De Soto Street in a northerly direction or generally toward Lake Pontchartrain. When she reached North Broad, she stopped in obedience to a traffic sign, proceeded across the east bound roadway, and then stopped within the boundaries of the Broad Street neutral ground to await the passage of west bound traffic.
The intersection where the accident occurred is uncontrolled, but a traffic light located in Esplanade Avenue and North Broad Street, approximately one block removed and to the west of this intersection, had caused a traffic congestion to exist in Broad Street and beyond De Soto Street. However, the vehicles waiting for the signal light to change stopped before they entered the intersection of De Soto and Broad in order to avoid obstructing traffic in De Soto Street.
The defendant’s insured had remained within the area of the neutral ground for some time when she decided to drive across North Broad at the instigation of the driver of the first vehicle in the neutral ground lane of North Broad to her immediate right *103 who signaled her to go ahead. She then drove into the west bound roadway of North Broad and collided with the plaintiff’s automobile.
The defendant’s counsel has endeavored to explain in his brief that the plaintiff did not look to his left before driving into the intersection, and that he was contributorily negligent in the operation of his vehicle by passing the automobiles in the second lane of traffic on North Broad, thus converting that street from a two lane roadway into three lanes. The evidence adduced herein, is, as usual, quite confusing. Only three witnesses appeared on the trial hereof in the lower court: the plaintiff, the defendant, and a disinterested third party. It is needless to say that the testimony of the plaintiff and the defendant’s insured are in direct conflict.
The plaintiff related that he was driving in North Broad in the right lane. When he reached De Soto Street, the automobiles in the left lane were stopped waiting for the traffic light at Esplanade to change to a favorable signal. However, traffic had moved sufficiently for him to proceed in the right lane into the next block, so he attempted to enter the intersection. At this point he saw Mrs. Tyrone dart into the intersection in front of the vehicle which was stopped to his left. He applied his brakes and came to a complete stop before the impact occurred. The plaintiff asserted that Mrs. Tyrone struck the left front fender of his automobile with the right front portion of her vehicle.
The defendant’s insured, Mrs. Tyrone, on the other hand, testified that two lanes of traffic had stopped at the intersection, and that the way seemed clear for her to drive across Broad Street. She insisted that the plaintiff passed two lanes of stopped traffic on the right, thereby attempting to convert the'street into a three lane roadway. She further related that she heard the brakes of the plaintiff’s automobile squeal, but she did not actually see his car until the collision occurred.
The testimony of the independent witness, Eric M. Crouchet, tends to corroborate the plaintiff’s version of how the accident occurred. He testified that he was an employee of a service station located on a corner of the intersection in question, and that he looked up on hearing the squeal of brakes. He saw the plaintiff in the right passing lane in the process of applying his brakes when Mrs. Tyrone pulled out from her position of safety in the neutral ground and struck the plaintiff’s vehicle. He significantly asserted that the plaintiff was in the right passing lane and was pushed into the parking lane by virtue of the collision.
The foregoing illucidation clearly reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the plaintiff’s version of the manner in which the accident occurred, and, therefore, concluded that the plaintiff was free of any negligence which contributed to the accident and that the proximate cause thereof was the negligence of the defendant’s insured in leaving a position of safety and driving into the path of an oncoming vehicle when it was not safe to do so.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. The trial judge accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in his *104 favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.